**In re LOPEZ DEVELOPMENT, INC.,
a Florida corporation, Debtor.**

**In re FLIPPERS MANAGEMENT,
a Florida general partnership,
Debtor.**

**Bankruptcy Nos. 90–13736–BKC–
AJC, 90–14105–BKC–AJC.**

United States Bankruptcy Court,
S.D. Florida.

May 17, 1993.

Kent L. Weissinger, Office of the General Counsel, Tallahassee, FL, for DOR (Dept. of Revenue).

Theodore A. Jewell, Stearns Weaver Miller Weissler Alhadeff & Sitterson, Miami, FL, for Barnett Bank.

**ORDER ON BARNETT BANK'S MOTION FOR ORDER CONSTRUING EFFECT OF 11 U.S.C. § 1146(c) WHERE THE CASE IS SUBSEQUENTLY DISMISSED**

A. JAY CRISTOL, Bankruptcy Judge.

THIS CAUSE was heard February 23, 1993 on Barnett Bank's Motion for Order Construing Effect of 11 U.S.C. § 1146(c) Where the Case is Subsequently Dismissed.

**Facts**

The following facts are not disputed. On April 22, 1991, the Debtors filed a Plan which provided for the sale of two properties known as the Inn at the Wharf and the Suites at the Wharf (the "Properties"). On June 17, 1991, the Properties were sold by auction pursuant to the Plan. Barnett was the high bidder and subsequently assigned its rights with regard to the Properties to one of its subsidiaries, Wharf Properties of Key West, Inc. ("Wharf Properties"). At

the time the transfer documents with regard to the Properties were recorded, Wharf Properties paid $33,600 for documentary stamp tax.

By order dated February 11, 1992, the Plan was confirmed. Subsequently, Wharf applied for a refund from the Florida Department of Revenue ("DOR") of the documentary stamp tax it paid based on 11 U.S.C. § 1146(c). By order dated September 1, 1992, the case was dismissed pursuant to 11 U.S.C. § 1112(b)(7) ("inability to effectuate substantial consummation of a confirmed plan"). Thereafter, DOR denied Wharf's application for a refund as to one of the two Properties since, according to DOR, 11 U.S.C. § 1146(c) is not applicable where a case has been dismissed. The other application for a refund remains pending. Finally, by order dated February 3, 1993, the dismissal was vacated for the limited purpose of construing the effect of dismissal upon section 1146(c) of the Bankruptcy Code.

**Legal Analysis**

Section 1146(c) ("Special Tax Provisions") of the Bankruptcy Code provides:

> The issuance, transfer, or exchange of a security, or the making or delivery of an instrument of transfer under a plan confirmed under section 1129 of this title, may not be taxed under any law imposing a stamp tax or similar tax.

Barnett argues that pursuant to 11 U.S.C. § 1146(c) the transfers of the Properties from the Debtors to Wharf Properties under the confirmed Plan are exempt from

---

**1.** In this regard, DOR argues:

Barnett Bank has not expressly styled its Motion as an action for an order compelling a refund. [However,] such is in fact the purpose and effect of the relief sought in the Motion. If the Court entered an Order construing the effect of s. 1146(c) as applicable to the stamp tax paid by Wharf Properties, the State of Florida would have no practical or legal alternative but to approve both refund applications and issue a state warrant in the amount of $33,600. In purpose and effect, the order Barnett seeks is tantamount to a money judgment against the state.

**2.** 11 U.S.C. § 106 provides:

(a) A governmental unit is deemed to have waived sovereign immunity with respect to any

---

the documentary stamp tax it paid despite the fact that the cases were eventually dismissed. DOR argues that the transfers are not exempt from documentary stamp tax since the cases were dismissed. DOR further argues that an order determining the transfers exempt from the documentary stamp tax would be tantamount to a money judgment against the state,[1] that Florida has not waived its sovereign immunity and, thus, that the Court lacks jurisdiction to enter such an order.

### I. SOVEREIGN IMMUNITY (11 U.S.C. § 106)

■ Absent an unequivocally expressed waiver, sovereigns such as the state of Florida are immune from monetary judgments. *See, e.g., U.S. v. Nordic Village, Inc.,* — U.S. —, 112 S.Ct. 1011, 117 L.Ed.2d 181 (1992) (11 U.S.C. § 106(c) does not waive *United States'* sovereign immunity against a monetary judgment); *Hoffman v. Conn. Dept. of Income Maintenance,* 492 U.S. 96, 109 S.Ct. 2818, 106 L.Ed.2d 76 (1989) (11 U.S.C. § 106(c) does not waive *States'* sovereign immunity against a monetary judgment). The only section of the Bankruptcy Code addressing the issue of waiver of sovereign immunity is 11 U.S.C. § 106 ("Waiver of sovereign immunity").[2]

■ Although 11 U.S.C. § 106(a) & (b) permit a monetary judgment against a sovereign, *Id.,* these sections are not applicable. Sections 106(a) & (b) both require that the claim against the government be property of the estate and Barnett's claim

---

claim against such governmental unit that is property of the estate and that arose out of the same transaction or occurrence out of which such governmental unit's claim arose.

(b) There shall be offset against an allowed claim or interest of a governmental unit any claim against such governmental unit that is property of the estate.

(c) Except as provided in subsections (a) and (b) of this section and notwithstanding any assertion of sovereign immunity—

(1) a provision of this title that contains "creditor", "entity", or "governmental unit" applies to governmental units; and

(2) a determination by the court of an issue arising under such provision binds governmental units.

against DOR is certainly not property of the estate. Section 106(c) of the Bankruptcy Code does not authorize a monetary judgment against a sovereign such as Florida. *Id.* Hence, the Court is without jurisdiction to enter an order on Barnett's Motion to Construe 11 U.S.C. § 1146(c) to the extent, if any, such order would constitute a monetary judgment. However, 11 U.S.C. § 106(c) does authorize declaratory (and injunctive) relief, *Id.*, which the Court grants below.

## II. 11 U.S.C. § 1146(c)

■ The undisputed facts before the Court fall within the literal requirements of 11 U.S.C. § 1146(c). The transfers of the Properties from the Debtors to Wharf Properties were pursuant to the confirmed Plan and, therefore, should not be subject to Florida's documentary stamp tax.[3] DOR, however, argues that the transfers are subject to the documentary stamp tax since the cases were dismissed. If the case had not been dismissed, is it the position of DOR that it would not be obligated to return an exempt payment made in error? I think not. In support of this argument, DOR relies on 11 U.S.C. § 349 ("Effect of dismissal") and the purpose of 11 U.S.C. § 1146(c).

The apparent purpose of 11 U.S.C. § 1146(c) is to facilitate reorganizations by granting tax relief. *Accord In re 995 Fifth Ave. Assoc., L.P.*, 963 F.2d 503, 510 (2nd Cir.1992); *In re Jacoby–Bender, Inc.*, 758 F.2d 840, 841 (2nd Cir.1985). Were transfers such as the instant ones subject

to a documentary stamp tax upon dismissal, the proceeds that debtors receive from such transfers would be reduced to account for this risk. This would not facilitate reorganizations of *future* debtors. On the other hand, a declaration that the transfers of the Properties are exempt from the documentary stamp tax will not facilitate the *instant* debtors' reorganizations since their cases have been dismissed and since the proceeds that they have received will not be affected. It is true that in this case Barnett will get the money, but this result further encourages buyers and lenders to participate in transactions within the reorganization process.

DOR's position is understandable with regard to the instant reorganizations. However, it is not persuasive enough to overcome the fact that the instant transfers fall within the plain meaning of 11 U.S.C. § 1146(c) and that the purpose of this section, with regard to future reorganizations, would not be served by declaring the instant transfers subject to the documentary stamp tax. Therefore, the Court finds that transfers otherwise within 11 U.S.C. § 1146(c) are not affected by a subsequent dismissal of the underlying bankruptcy case.

## III. 11 U.S.C. § 349

■ Finally, DOR argues that upon dismissal, a transfer ordinarily within 11 U.S.C. 1146(c), should no longer be within that section pursuant to 11 U.S.C. § 349(b).[4] As the text of 11 U.S.C. § 349(b) indicates, dismissal does not typically have such an effect. However, this

---

**3.** The Court notes that the order dismissing the case had no effect, pursuant to 11 U.S.C. § 349 or any other section of the Bankruptcy Code, on the confirmation order which remains in full force and effect. *See In re Depew*, 115 B.R. 965 (Bankr.N.D.Ind.1989) (holding after comprehensive analysis that "the post-confirmation dismissal of a Chapter 11 case does not vacate the order of confirmation or revoke the debtor's discharge."). Moreover, the Court notes that the fact that the transfers of the Properties occurred prior to confirmation is, for purposes of 11 U.S.C. § 1146(c), of no consequence. As discussed below, the purpose of this section is to facilitate reorganizations by granting tax relief. The Court will not construe this section to limit its applicability to transfers occurring after a

plan is confirmed. To do so would not facilitate reorganizations.

**4.** 11 U.S.C. § 349(b) provides:

Unless the court, for cause, orders otherwise, a dismissal of a case other than under section 742 of this title—

(1) reinstates—

(A) any proceeding or custodianship superseded under section 543 of this title:

(B) any transfer avoided under section 522, 544, 545, 547, 548, 549, or 724(a) of this title, or preserved under section 510(c)(2), 522(i)(2), or 551 of this title; and

(C) any lien voided under section 506(d) of this title;

section does permit courts, for cause, to alter the typical effects of dismissal. *Accord In re Morris*, 950 F.2d 1531, 1535 (11th Cir.1992). The Court is not persuaded by DOR's argument that, since the purpose of 11 U.S.C. § 349 is to undo the bankruptcy case, the instant transfers should not come within 11 U.S.C. § 1146(c). The legislative history on § 349(b) contains limitations with regard to this purpose. Moreover, the text of § 349(b) sets forth what constitutes the typical amount of undoing of a bankruptcy case and, although referring to specific sections of the Bankruptcy Code, does not mention § 1146(c). Case law supports such a position. *See* 2 *Collier on Bankruptcy*, § 349.03 n. 4c (15th ed. 1992) (citing cases) ("[C]ourts have refused to *extend* the reinstatement effect of section 349(b) beyond its expressly enumerated provisions.") (emphasis added). Accordingly, it is

**ORDERED** that

1) pursuant to 11 U.S.C. § 1146(c) the transfers of the Inn at the Wharf and the Suites at the Wharf (the "Properties") from the Debtors to Wharf Properties of Key West, Inc., a subsidiary of Barnett Bank, under the Plan confirmed pursuant to 11 U.S.C. § 1129 are exempt from the $33,600 paid for documentary stamp tax despite the subsequent dismissal of the Debtors' cases; and

2) the Florida Department of Revenue is ordered and directed to process the application for refund according to its normal procedures.

**DONE AND ORDERED.**

(2) vacates any order, judgment, or transfer ordered, under section 522(i)(1), 542, 550, or 553 of this title; and

(3) revests the property of the estate in the entity in which such property was vested immediately before the commencement of the case under this title.

The legislative history of § 349(b) provides, in part:

The court is permitted to order a different result for cause. The basic purpose of the subsection is to undo the bankruptcy case, as far as practi-

cable, and to restore all property rights to the position in which they were found at the commencement of the case. This does not necessarily encompass undoing sales of property from the estate to a good faith purchaser.

Where there is a question over the scope of the subsection, the court will make the appropriate orders to protect rights acquired in reliance on the bankruptcy case.

HR Rep No. 595, 95th Cong, 1st Sess 338 (1977); S Rep No. 989, 95th Cong, 2d Sess 48–49 (1978).